UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ANA ELVIRA GUILARTE TANTAU

    Plaintiff,

vs.

PURE ORGANIC NAIL SALON & SPA INC.,
A Florida Profit Corporation, and
FRANCHESKA CANDELARIO, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff ANA ELVIRA GUILARTE TANTAU, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendants PURE ORGANIC NAIL SALON & SPA INC (hereinafter, "Pure Organic"), and FRANCHESKA CANDELARIO, individually (hereinafter, "Candelario") (collectively "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

## PARTIES

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants. Specifically, Plaintiff performed work for Defendants as a Nail Salon Technician from on or about April 2021 until on or about September 17, 2022. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Pure Organic is a Florida Corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. Pure Organic has its principal place of business in Miami, Florida. Pure Organic had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Pure Organic is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, Pure Organic is a beauty salon and its employees, including Plaintiff, regularly handled goods which were transported across state lines.

9. At all times material to this Complaint, Pure Organic, has had two (2) or more employees who have regularly sold, handled, or otherwise worked with goods and/or material including, but not limited to the following: nail polish, artificial nail extensions, nail drill, nail polish remover, telephones, paper goods, cleaning supplies and credit cards. Those goods and/or materials have been moved in or produced for commerce.

10. Pure Organic upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant Candelario is an owner and/or manager and exercised operational control over the activities of, corporate Defendant, Pure Organic.

12. Defendant Candelario, acted directly in the interest of her company, Pure Organic Upon all available information, Candelario, controlled the manner in which Plaintiff performed her work, and the pay she was to receive.

13. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

14. All other conditions precedent to this action have been performed or have been waived.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

15. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

16. Specifically, Plaintiff performed work for Defendants as a nail salon technician from on or about April 2021 until on or about September 17, 2022.

17. During Plaintiff's employment Defendants compensated Plaintiff, by paying 60% of the service fee for the work she performed on a weekly basis.

18. A review of the pay stubs in which Plaintiff has in her current possession, custody, and control reflect that Plaintiff was issued a company check claiming to compensate her the 60% of the work she performed in a particular week regardless of the hours Plaintiff worked.

19. Most of the work assigned to Plaintiff was manicures and pedicures. Defendants charged between $50.00 and $100.00 per manicure and pedicure. During her employment, Plaintiff would on average between work on five (5) to ten (10) clients per day.

20. Accordingly, there were times when Plaintiff was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

21. Plaintiff estimates that there were weeks were her hourly rate was at least $2.19/hour below the applicable minimum wage. Therefore, Plaintiff believes she is owed at least $6,975.96 ($2.19/hr x 61 hrs x18 weeks) in unpaid minimum wages.

22. Furthermore, at all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

23. Throughout the course of her employment, Plaintiff was misclassified as an independent contractor.

24. At no point, however, was Plaintiff properly an independent contractor. Throughout Plaintiff's employment, Defendants exercised control over the amount Plaintiff charged for services and the amount Plaintiff received as pay. Defendants also had control of Plaintiff's appointments and required Plaintiff to complete other tasks such as sweeping, cleaning the bathrooms, when no customers were at the salon and or at the end of each day.

25. Further, Plaintiff was required to wear a uniform and Plaintiff's customers had to pay Defendants for the services rendered, rather than pay Plaintiff directly.

26. Throughout Plaintiff's employment, Plaintiff generally worked at least ten (10) hours per day, six (6) days a week.

27. Specifically, Plaintiff was required to be present during the salon's working hours (9:00 am-7:00 PM) Monday through Saturday. Furthermore, often Plaintiff was required to stay additional 1-2 hours to finish with clients and/or clean up the salon.

28. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

29. Defendants knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

30. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

## COUNT I
## VIOLATION OF FLSA/OVERTIME against
## PURE ORGANIC NAIL SALON & SPA INC

31. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

32. This action is brought by Plaintiff to recover from Defendant Pure Organic unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

33. Since the commencement of Plaintiff's employment Pure Organic has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all overtime hours at a rate not less than one- and one-half times their regular rate.

34. Specifically, throughout her employment Plaintiff worked at least 10/hrs a day, 6 days a week. However, there were days when Plaintiff worked 11–12-hour days.

35. Pure Organic is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the

FLSA, 29 U.S.C. § 203(r) and 203(s). Pure Organic's business activities involve those to which the Fair Labor Standards Act applies.

36. Plaintiff was not exempted from the overtime provision of the Act, in she was compensated based on a commission but during the relevant time, Plaintiff's regular rate of pay did not exceed one and one-half times the applicable minimum wage for every hour worked in a workweek in which overtime hours were worked.

37. Pure Organic has knowingly and willfully failed to pay Plaintiff the applicable overtime rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

38. By reason of the said intentional, willful, and unlawful acts of Pure Organic, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

39. Plaintiff seeks to recover for unpaid wages accumulated during her employment.

40. Upon information and belief, Pure Organic never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

41. As a result of Pure Organic's willful violations of the Act, Plaintiff is entitled to liquidated damages.

42. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Pure Organic.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against PURE ORGANIC NAIL SALON & SPA INC:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
**VIOLATION OF FLSA/OVERTIME**
**against FRANCHESKA CANDELARIO**

43. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

44. At the times mentioned, Defendant Candelario was, and is now, an owner of corporate Defendant, Pure Organic.

45. Candelario was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that Candelario acted directly in the interests of Pure Organic in relation to its employees including Plaintiff.

46. Candelario had operational control of the business and is thus jointly liable for Plaintiff's damages.

47. Specifically, Candelario supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto and maintained complete control of the hours Plaintiff worked, the work she was required to perform and the pay she was to receive.

48. Defendant Candelario willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth

above.

49. By reason of the said intentional, willful and unlawful acts of Candelario, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

50. As a result of Candelario's willful violations of the Act, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant FRANCHESKA CANDELARIO:

   A. Adjudge and decree that FRANCHESKA CANDELARIO has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### VIOLATION OF FLSA/MINIMUM WAGES against
### PURE ORGANIC NAIL SALON & SPA INC

51. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

52. This action is brought by Plaintiff to recover from Pure Organic, unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., 29 U.S.C. § 207.

53. At all times during her employment, Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not

later than the regularly established pay day.

54. Nevertheless, during the course of Plaintiff's employment with Defendants, Plaintiff was compensated below the minimum wage for certain hours worked for Defendants.

55. During Plaintiff's employment Defendants compensated Plaintiff, by paying 60% of the service fee for the work she performed on a weekly basis.

56. Accordingly, there were times when Plaintiff was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

57. Pure Organic, knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

58. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of a minimum hourly wage when due.

59. By reason of the said intentional, willful and unlawful acts of Pure Organic, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

60. Plaintiff seeks to recover for unpaid wages accumulated during her employment.

61. Upon information and belief, Pure Organic, never posted any notice, as required by the Fair Labor Standards Act and federal law, to inform employees of their federal rights to overtime and minimum wage payments.

62. As a result of Pure Organic's willful violations of the Act, Plaintiff is entitled to liquidated damages.

63. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Pure Organic.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Pure Organic:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT IV**</u>
**VIOLATION OF FLSA/MINIMUM WAGES**
**against FRANCHESKA CANDELARIO**

64. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

65. During the course of Plaintiff's employment with Defendants, Plaintiff was compensated below the minimum wage for certain hours worked for Defendants.

66. Candelario willfully violated §§6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed by Plaintiff during the relevant time period.

67. Candelario was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that Candelario acted directly in the interests of Pure Organic in relation to its employees including Plaintiff.

68. Specifically, Candelario supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto. Candelario also controlled the hours Plaintiff worked, the manner she performed her work, and the pay she was to receive.

69. Candelario had operational control of the business and is thus jointly liable for Plaintiff's damages.

70. Defendant Candelario willfully and intentionally refused to properly pay Plaintiff minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

71. By reason of the said intentional, willful and unlawful acts of Candelario, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

72. As a result of Candelario willful violations of the Act, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant Candelario:

   A. Adjudge and decree that Canelario has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ANA ELVIRA GUILARTE TANTAU demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: November 22, 2022

        **PEREGONZA THE ATTORNEYS, PLLC**
        5201 Blue Lagoon Drive,
        Suite 290
        Miami, FL 33126
        Tel. (786) 650-0202
        Fax. (786) 650-0200

        By: /s/ *Nathaly Saavedra*
        Nathaly Saavedra, Esq.
        Fla. Bar No. 118315
        Email: nathaly@peregonza.com

        By: /s/ *Juan J. Perez*
        Juan J. Perez, Esq.
        Fla. Bar No. 115784
        Email: juan@peregonza.com