UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23841-ALTONAGA

ANA ELVIRA GUILARTE TANTAU,

    Plaintiff,

v.

PURE ORGANIC NAIL SALON & SPA, INC.
AND FRANCHESKA CANDELARIO,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND DISMISSAL WITH PREJUDICE

Plaintiff, Ana Elvira Guilarte Tantau, and Defendants, Pure Organic Nail Salon & spa, Inc. and Francheska Candelario ("Defendants"), hereby file this Joint Motion to Approve Settlement and Dismissal with Prejudice, and state as follows:

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's Complaint asserts claims against Defendants for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). [ECF No. 1.] The parties reached a settlement agreement with no admission of liability (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit "A". The parties respectfully request the Court's review and approval of the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

Pursuant to the parties' Settlement Agreement, Plaintiff will receive a total of $1,100.00 as alleged unpaid wages and liquidated damages. Plaintiff's counsel will receive the total amount of $3,900.00.

Plaintiff, Ms. Tantau, alleged that she worked over 40 hours during most workweeks, and was not compensated for that overtime. Ms. Tantau also alleged that she was not paid the

applicable minimum wage as a result of being paid a commission of 60% of the money she generated (the service fee) for Defendants. Ms. Tantau alleges that Defendants were aware of these wage violations, and so they willfully failed to comply with the FLSA.

The Defendants dispute that Ms. Tantau was entitled to any overtime or additional wages. The Defendants maintain that they were not subject to FLSA enterprise coverage because they did not gross more than $500,000.00 in any year that Ms. Tantau claimed. Similarly, the Defendants maintain that Ms. Tantau could not demonstrate individual coverage under the FLSA because she did not engage in sufficient interstate commerce as a nail technician. Defendants also asserted that Ms. Tantau was an independent contractor who received commissions, and was also exempt from the FLSA on that independent basis.

The parties engaged in extensive conferral on the above issues, and produced documentation in furtherance of their positions. The parties ultimately agreed prolonged litigation would be uncertain and costly, and resolved to settle the case for the amounts described above, which are fair and reasonable to Ms. Tantau given the evidence that would be presented for a fact finder.

## **MEMORANDUM OF LAW**

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977), Courts are to consider the following factors

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of the plaintiffs' success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*Morgan v. Public Storage*, 301 F.Supp.3d 1237 (11th Cir. 2016).

### (1) *There Was No Fraud or Collusion.*

In this case, there was no fraud or collusion, as both parties were represented by counsel experienced in FLSA claims.

### (2) *The Complexity, Expense, and Length of Litigation Support Early Resolution.*

The complexity, expense, and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would be required for both sides to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and likely exceed any damages Plaintiff could hope to recover in this action. The proposed settlement minimizes such costs, preserving the Court's and each parties' resources.

### (3) *The Parties Resolved this Case at the Appropriate Stage.*

Before resolving this case, the parties exchanged sufficient information that enabled them to consult with their counsel and make a decision about whether to continue litigating or to resolve this case. The parties exchanged time and pay records, as well as tax records in support of Defendants' contention that they did not gross $500,000 a year in the relevant time. Based on this analysis, the parties decided to resolve this matter. To this end, had the parties not resolved this

case at this juncture, written discovery and depositions would have begun, followed by summary judgment briefing, as part of which Plaintiff faced the potential for lesser or no recovery had this case continued. Finally, based on the scope of Plaintiff's alleged FLSA claims and the disputed legal and factual issues relating to those claims, taking into account the time, risk, and costs of further litigation, the parties' settlement of Plaintiff's FLSA claims represents a fair and reasonable resolution in accordance with *Lynn's Food.* If the parties continued to litigate this matter, they would be forced to engage in costly litigation to prove their respective claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

(4) ***The Probability of Success on the Merits Supports Settlement.***

The parties disagree about the merits of Plaintiff's claims and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. Defendants maintain that they were not subject to FLSA enterprise coverage because they did not gross more than $500,000.00 in any year that Ms. Tantau claimed. Upon conferral, Defendants produced records that reflected the reported gross income for the relevant time. Plaintiff disputed the accuracy of those records and contended that the Defendants were underreporting their cash earnings during the relevant years an issue to be determined at summary judgment after discovery was conducted. Accordingly, Plaintiff's probability of success on the merits, and the uncertainty that she would be owed any amount – let alone an amount greater than what the settlement provides – further supports the validity, reasonableness, and fairness of the settlement at issue.

(5) ***The Range of Possible Recovery Supports Approval.***

The parties' settlement takes into account the validity of Plaintiff's claims, the defenses thereto, and the length of time it would take for Plaintiff to actually recover a final judgment against Defendants.

### (6) *Counsel Agree That The Settlement Is Fair.*

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009). Considering the facts of this case, including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved the parties agree that the proposed settlement reached by the parties and reflected in Exhibit "A" represents a fair and reasonable compromise of Plaintiff's claims. Plaintiff's counsel's fees are reasonable given the time expended, the rates of Plaintiff's counsel, and the potential for protracted litigation. Plaintiff's counsel actually compromised the attorneys' fees incurred in order to resolve this case at this juncture. Plaintiff's counsel has expended over 15 hours prosecuting this matter (not including time expended on the instant motion at bar). See Time Sheet for Nathaly Saavedra, as Exhibit "B." Plaintiff has incurred $605.00 in costs to date in the prosecution of the instant action. Plaintiff submits that according to the terms of the Agreement for Representation, Plaintiff's attorneys are allowed to bill an hourly rate for their time. The billing attorney is Nathaly Saavedra[1]. Mrs. Saavedra has over seven (7) years of experience as a labor and employment attorney, who is known in the South Florida legal community for performing respectably in labor and employment matters. The time expended in prosecuting Plaintiff's claims is not duplicative in nature and does not include time for billing for administrative tasks. Plaintiff's attorney time does include time for attorney conferences and supervision of attorney tasks. Plaintiff's counsel, as part of a negotiated settlement, has reduced their fee to $3,295.00 and $605.00 in costs.

---

[1] Courts have previously awarded Mrs. Saavedra $310.00 per hour as a senior associate of the law firm. See 1:20-cv-24277-JG Barrera Pichardo v. Fast Grill Enterprises of Hialeah et al.

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not adversely affected by the amount of attorneys' fees paid to counsel, Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA action with prejudice, with each party to bear its own costs, fees and expenses (except as otherwise set forth in the parties' Settlement Agreement). The parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement and upon further condition that the Court retain jurisdiction over this matter for a period of 30 days to enforce the parties' Settlement Agreement.

Dated this 14th day of February 2023.

*/s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com
PEREGONZA THE ATTORNEYS, PLLC
5201 Blue Lagoon Drive
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

*Counsel for Plaintiff*

*/s/ Toussaint Cummings*
Toussaint Cummings, Esq. (119877)
toussaint@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884

*Counsel for Defendants*