UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-23841-CIV-ALTONAGA/Damian

**ANA ELVIRA GUILARTE TANTAU**,

      Plaintiff,

v.

**PURE ORGANIC NAIL SALON & SPA INC.**, *et al.*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court upon the parties' Joint Motion to Approve Settlement and Dismissal [sic] with Prejudice [ECF No. 31], filed on February 14, 2023. The parties seek the Court's approval of their proposed Settlement Agreement [ECF No. 31-1] (the "Agreement").[1] The Court has carefully considered the Agreement, record, and applicable law.

When an employer violates the FLSA, the employer is liable for the amount owed under the FLSA, as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Unlike with many claims, parties may not bargain away the FLSA's protections. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power, prohibits these same employees from bargaining with their employer in determining whether so little damage was

---

[1] The Agreement contains a confidentiality provision. (*See* Agreement ¶ 12). Where the Court must approve a settlement, the agreement becomes a part of the judicial record, and therefore may not be deemed confidential even if the parties so consent. *See Jessup v. Luther*, 277 F.3d 926, 929–30 (7th Cir. 2002). Accordingly, parties may not submit a settlement agreement under seal or seek to have it reviewed in camera unless there is a compelling interest in secrecy. *Id.* at 928. Nevertheless, while the confidentiality provision seems to indicate the parties seek to maintain the Agreement's confidentiality, the parties did not file the Agreement under seal, so it appears on the public docket.

suffered that waiver of liquidated damage is called for." (alteration added)); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982); *Hogan v. Allstate Beverage Co. Inc.*, No. 2:10cv390–MHT, 2011 WL 3568818, at *6 (M.D. Ala. Aug. 15, 2011). Therefore, parties may not bargain away the right to liquidated damages. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946) ("[W]e think the remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage." (alteration added)); *see also Lynn's Food Stores*, 679 F.2d at 1353 n.8.

The parties' submission is deficient because the Agreement fails to apportion Plaintiff's award — let alone apportion it equally — between unpaid wages and liquidated damages. Under the terms of the Agreement, the parties have agreed to a settlement whereby Defendants will pay Plaintiff "$1,100 as alleged unpaid wages and liquidated damages." (Mot. 1).[2] The parties provide no further information regarding how this total is allocated between unpaid wages and liquidated damages. (*See generally* Mot.; Agreement). Yet, Plaintiff's general release consists of discharging claims including, but not limited to, those under the FLSA, including liquidated damages. (*See* Agreement ¶¶ 8–9 (listing waiver of additional causes of action)).

As explained, the FLSA requires employers who violate its provisions to pay employees unpaid wages and an equal amount in liquidated damages. *See* 29 U.S.C. § 216(b). To comply with the FLSA, then, a proposed settlement must be apportioned equally between unpaid wages and liquidated damages. *See id.* Because the parties' Agreement fails to apportion Plaintiff's award equally between unpaid wages and liquidated damages, it is

**ORDERED AND ADJUDGED** as follows:

1. The parties' Joint Motion to Approve Settlement and Dismissal with Prejudice **[ECF**

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

    **No. 31]** is **DENIED without prejudice**.

2. The parties must submit a revised agreement that apportions Plaintiff's award equally between unpaid wages and liquidated damages by **February 22, 2023**. The parties are reminded a proposed order must be submitted in accordance with the CM/ECF administrative procedures.

**DONE AND ORDERED** in Miami, Florida, this 15th day of February, 2023.

*[signature]*
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record